UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY SANTIAGO a/k/a "Titi,"<br>JASON HILL,<br>MARIA BYK a/k/a "Tina," and<br>DAMARIS SANTIAGO | **UNDER SEAL**<br>Case No. 12 CR 383<br><br>Violations: Title 21, United States Code,<br>Sections 841(a)(1) and 846, Title 18,<br>United States Code, Sections<br>1956(a)(1)(B)(i) and 1956(h)<br><br>**Superseding Indictment** |

FILED
DEC 05 2013
MAGISTRATE JUDGE JEFFREY COLE
UNITED STATES DISTRICT COURT

JUDGE SHADUR

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

## COUNT ONE

The SPECIAL SEPTEMBER 2012 GRAND JURY charges:

Beginning no later than in or around January 2012, and continuing until on or about May 21, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SANTIAGO, a/k/a "Titi,"

defendant herein, did conspire with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, 1000 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and 5 or more kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1);

In violation of Title 21, United States Code, Section 846.

1

## COUNT TWO

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

On or about May 12, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SANTIAGO, a/k/a "Titi,"

defendant herein, did knowingly and intentionally distribute a controlled substance, namely, 1000 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

On or about May 12, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JASON HILL,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, 1000 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.  At times material to this Indictment:

    a.  Road Shark Logistics, a trucking company with an office in Bensonville, Illinois, was purportedly in the brokering business, meaning that Road Shark Logistics looked for trucks to transport loads of products or materials for customers. ANTHONY SANTIAGO owned Road Shark Logistics; DAMARIS SANTIAGO, who is the sister of ANTHONY SANTIAGO, was the president of Road Shark Logistics; MARIA BYK, the girlfriend of ANTHONY SANTIAGO, was the treasurer of Road Shark Logistics.

    b.  ANTHONY SANTIAGO maintained at least 6 personal checking and savings bank accounts at various banks with branch banks in or around Chicago, Illinois. ANTHONY SANTIAGO had sole signatory authority over these bank accounts, or joint signatory authority with his girlfriend, MARIA BYK.

    c.  MARIA BYK maintained at least 14 personal checking and savings bank accounts at various banks with branch banks in or around Chicago, Illinois. MARIA BYK had sole signatory authority over these bank accounts, or joint signatory authority with her boyfriend ANTHONY SANTIAGO, ANTHONY SANTIAGO's mother, her father, or ANTHONY SANTIAGO's daughter.

    d.  DAMARIS SANTIAGO maintained at least 3 personal checking and savings bank accounts at various banks with branch banks in or around Chicago, Illinois.

4

DAMARIS SANTIAGO had sole signatory authority over these bank accounts.

   e. DAMARIS SANTIAGO and MARIA BYK were the trustees of a trust called Ganotias Trust. DAMARIS SANTIAGO and ANTHONY SANTIAGO were the beneficiaries of the Ganotias Trust. According to the Ganotias Trust agreement, no distributions could be made from the Ganotias Trust without the consent of the distribution trustee, who was MARIA BYK. DAMARIS SANTIAGO and MARIA BYK maintained at least 3 checking and savings bank accounts in the name of Ganotias Trust at various banks with branch banks in or around Chicago, Illinois. DAMARIS SANTIAGO and MARIA BYK had joint signatory authority over the Ganotias Trust bank accounts.

   f. Road Shark Logistics maintained at least 7 business checking and savings accounts at various banks with branch banks in or around Chicago, Illinois. ANTHONY SANTIAGO, DAMARIS SANTIAGO, and/or MARIA BYK had signatory authority over the Road Shark Logistic bank accounts.

   g. The banks where ANTHONY SANTIAGO, DAMARIS SANTIAGO, and MARIA BYK maintained personal, business, or trust bank accounts, which included Bank of America, Wells Fargo, Fifth Third Bank, PNC Bank and JP Morgan Chase Bank, were all financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation.

2. Beginning no later than in or about January 2012, and continuing until at least June 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SANTIAGO, a/k/a "Titi,"
MARIA BYK, a/k/a "Tina," and
DAMARIS SANTIAGO,

defendants herein, did knowingly conspire with each other and with persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, namely, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS OF THE CONSPIRACY

2. It was further part of the conspiracy that defendants, ANTHONY SANTIAGO, a/k/a "Titi," MARIA BYK, a/k/a "Tina," and DAMARIS SANTIAGO ("the co-conspirators") and other persons known and unknown to the Grand Jury, used the following manner and means to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of said specified unlawful activity:

    a.    The co-conspirators deposited and caused cash narcotics proceeds to be deposited into their personal bank accounts, the Ganotias Trust bank accounts, safety deposit boxes, and Road Shark Logistics bank accounts.

    b.    After depositing the cash narcotics proceeds into their personal bank accounts, the co-conspirators transferred money to, or wrote checks that were deposited into, other bank accounts controlled by the co-conspirators, such as MARIA BYK's bank accounts, DAMARIS SANTIAGO's bank accounts, and the Ganotias Trust bank accounts.

    c.    The co-conspirators funded the Ganotias Trust by cash narcotics proceeds that were deposited directly into the Ganotias Trust, and by transfers from or checks drawn from MARIA BYK's or DAMARIS SANTIAGO's bank accounts. After making the cash deposits, check deposits, and transfers into the Ganotias Trust, the co-conspirators transferred money from the Ganotias Trust bank account into Road Shark Logistics bank accounts, where it was commingled with some legitimate business funds.

    d.    The co-conspirators then used that money to pay purported payroll to themselves and other Road Shark Logistics employees via direct deposit, and to make Road Shark Logistics business-related payments.

    e.    The co-conspirators also recruited third parties, including Individual A and Individual B, to deposit cash narcotics proceeds into the third parties' bank accounts. The co-conspirators then directed Individuals A and B to write checks to the

co-conspirators or to Road Shark Logistics for the amount, or the approximate amount, of the cash narcotics proceeds that Individuals A and B deposited into their bank accounts. The co-conspirators obtained the checks from Individuals A and B, and deposited those checks into bank accounts they controlled, including bank accounts of ANTHONY SANTIAGO, DAMARIS SANTIAGO, and MARIA BYK.

    f. The co-conspirators also deposited cash narcotics proceeds into safety deposit boxes, including safety deposit boxes at Lake Forest Bank, Wells Fargo Bank, and PNC Bank. The Lake Forest Bank safe deposit box, which was in MARIA BYK's and ANTHONY SANTIAGO's mother's name, contained approximately $794,300 in cash as of May 22, 2012. The Wells Fargo Bank safe deposit box, which was in the name of Ganotias Trust, contained approximately $20,000 in cash as of May 22, 2012. The PNC safe deposit box, which was in MARIA BYK's and ANTHONY SANTIAGO's mother's name, contained approximately $100,200 in cash as of June 8, 2012.

  3. It was further part of the conspiracy that ANTHONY SANTIAGO, MARIA BYK, and DAMARIS SANTIAGO misrepresented, concealed, and hid, and caused and attempted to have others, including Individuals A and B, to misrepresent, conceal, and hide, the purposes of and the acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION ONE

The SPECIAL SEPTEMBER 2012 GRAND JURY further alleges:

1. The allegations of Counts One through Three of this Superseding Indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

2. As a result of his violations of Title 21, United States Code, Sections 841(a)(1) and 846, as alleged in the foregoing Superseding Indictment,

ANTHONY SANTIAGO, a/k/a "Titi,"

defendant herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2): (1) any and all property constituting and derived from, any proceeds they obtained, directly and indirectly, as a result of the violations; and (2) any and all of property used, or intended to be used, in any manner or part, to commit and facilitate the commission of the violations.

3. The interests of the defendant subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853 include, but are not limited to, a 2012 Jeep Cherokee SRT8 bearing VIN 1C4RJFDJ1CC117888.

4. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third person;

    c. has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value;

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belonging to the defendants under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

All pursuant to Title 21, United States Code, Section 853.

## **FORFEITURE ALLEGATION TWO**

The SPECIAL SEPTEMBER 2012 GRAND JURY further alleges:

1. The allegations in Counts Four of this Superseding Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

2. As a result of their violations of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h), as alleged in Counts Four of the foregoing Superseding Indictment,

ANTHONY SANTIAGO, a/k/a "Titi,"
MARIA BYK a/k/a "Tina," and
DAMARIS SANTIAGO,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all right, title and interest he may have in property, real or personal, involved in such offense, or any property traceable to such property.

3. The interests of defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) include, but are not limited to, approximately at least $437,751.

4. If any of the forfeitable property described above, as a result of any act or omission by defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

    All pursuant to Title 18, United Sates Code, Section 982(a)(1).

A TRUE BILL:

_____
FOREPERSON

*Zachary T. Fardon/MSS*
UNITED STATES ATTORNEY

12